In re **ROBERTS & PORTER, INC.**, Debtor.

Bankruptcy No. 83 B 6172.

United States Bankruptcy Court, N.D. Illinois, E.D.

Sept. 4, 1985.

Keck, Mahin & Cate, Chicago, Ill., for debtor.

Berger & Herman, Ltd., Chicago, Ill., for Chemical Personnel Search, Inc.

## MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This cause coming on to be heard upon the Petition To Allow Claim As An Administrative Expense Under Section 503(b)(1)(A), filed by CHEMICAL PERSONNEL SEARCH, INC., represented by BERGER & HERMAN, LTD., and upon the Response thereto filed by Debtor, ROBERTS & PORTER, INC., represented by KECK, MAHIN & CATE, and the Court, having considered the record in this case and the pleadings on file, and having afforded the parties an opportunity for hearing, and being fully advised in the premises;

The Court Finds:

1. Debtor, ROBERTS & PORTER, INC., filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 16, 1983. Thereafter, Debtor remained in possession of its assets and continued to manage its business as a debtor-in-possession until August 29, 1984, when a plan of reorganization respecting Debtor was confirmed by this Court.

2. On July 13, 1983, Petitioner, CHEMICAL PERSONNEL SEARCH, INC., timely filed proof of claim in these proceedings in the amount of $4,600.00. Petitioner filed its present Petition on June 28, 1983, in which it requested entry of an order allowing its claim as an unsecured claim entitled to priority under section 503(b)(1)(A) of the Bankruptcy Code. 11 U.S.C. § 503(b)(1)(A).

3. The material facts which underlie Petitioner's claim are undisputed. Petitioner referred a prospective employee, THERESA ROBERSON [Roberson] to the Debtor on April 18, 1983, pursuant to an agreement that Petitioner would be entitled to a $4,600.00 commission if Roberson was hired and remained in Debtor's employ for 30 days. Debtor did in fact hire Roberson on April 18, 1983. Roberson subsequently remained in Debtor's employ for more than 30 days, and Petitioner would have become entitled to receive its $4,600.00 commission

from Debtor on May 18, 1983. However, Debtor's voluntary Chapter 11 proceedings intervened on May 16, 1983, two days prior to the date on which Petitioner would have been entitled to payment.

4. Petitioner argues that it has a post-petition, $4,600.00 administrative claim, because its right to receive its commission did not accrue until after Debtor's Chapter 11 proceedings commenced, and because the services rendered by Roberson were necessary to the preservation of Debtor's post-petition business activities.

5. Debtor responds that Petitioner has a pre-petition, contingent, unsecured claim against its estate, which is not entitled to priority under section 503(b)(1)(A) of the Bankruptcy Code.

The Court Concludes and Further Finds:

1. Section 101(4)(A) of the Bankruptcy Code, 11 U.S.C. § 101(4)(A) defines a "claim" as a "right to payment, whether or not such right is * * * contingent, * * * unmatured, * * * or unsecured." On May 16, 1983, when Debtor's Chapter 11 proceedings commenced, Petitioner held a contingent claim against Debtor's estate. This contingency was removed on May 18, 1983, on the thirtieth day of Roberson's employment by the Debtor.

2. Section 503(b)(1)(A) of the Bankruptcy Code provides:

§ 503 Allowance of administrative expenses.

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1)(A) the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case.

3. The Seventh Circuit Court of Appeals recently observed that a claim will be afforded priority under § 503 if the debt both (1) arises from a transaction with a debtor-in-possession; and (2) is beneficial to the debtor-in-possession in the operation of its business. *In re Jartran,* 732 F.2d 584, 587 (7th Cir.1984).

4. The transaction which gave rise to Petitioner's claim arose between Petitioner and the Debtor's pre-petition entity. Petitioner's claim, therefore, is not entitled to administrative priority because it did not arise from a transaction with the debtor-in-possession. *In re Jartran,* 732 F.2d 584, 587 (7th Cir.1984) ("inducement of the creditor's performance *by the debtor-in-possession* is crucial to a claim for administrative priority in the context of the furnishing of goods or services to the debtor").

5. This cause constitutes a core proceeding. 28 U.S.C. § 157.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Petition To Allow Claim As An Administrative Expense Under Section 503(b)(1)(A) filed by CHEMICAL PERSONNEL SEARCH, INC. be, and the same is hereby denied.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the claim filed on July 13, 1983, by CHEMICAL PERSONNEL SEARCH, INC. against the estate of Debtor, ROBERTS & PORTER, INC., be, and the same is hereby allowed as an unsecured claim not entitled to priority in the amount of $4,600.00.